UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SIMPSON WASHINGTON, JR.         }
HC SPN 01120449,                }
    Petitioner,             }
v.                              }        CIVIL ACTION NO. H-08-1576
                                }
TOMMY THOMAS,                   }
    Respondent.             }

OPINION ON DISMISSAL

Petitioner Simpson Washington, Jr., proceeding *pro se*, filed this application for a writ of habeas corpus seeking "relief from incarceration." (Docket Entry No.1). Petitioner is charged with burglary of a habitation in cause number 110409701010 in the 176th District Court of Harris County, Texas. (*Id*.); Harris County Crime Victim Information Website.[1] From his petition and the public website, the Court notes that petitioner is still awaiting trial; therefore, his petition is cognizable under 28 U.S.C. § 2241(c)(3). For the reasons stated below, this suit will be dismissed without prejudice.

CLAIMS

In the pending petition, petitioner complains he has been denied due process of law because he has not appeared before a magistrate judge since his detention as required by articles 15.17 and 1.141 of the Texas Code of Criminal Procedure. (Docket Entry No.1). He also complains that his rights under the Speedy Trial Act of 1979 have been violated and that his trial counsel has rendered constitutionally ineffective assistance of counsel. (*Id*.). Petitioner further complains that the State lacks evidence to convict him of the felony offense and therefore, has continued to detain him to buy time. (*Id*.). Petitioner indicates that he has filed

---

[1] http://apps.jims.hctx.net/victiminfo/Submit.do

1

numerous complaints with the State Bar of Texas about his attorney's misconduct and written numerous letters to the state district court and the State Commission on Judicial Conduct. Petitioner maintains because of these actions, he has exhausted his state remedies. (*Id*.).

## DISCUSSION

Federal courts do not intervene in state court prosecutions except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997).

In this case, petitioner is awaiting trial in the 176th Criminal District Court of Harris County, Texas on a charge of burglary of a habitation. His next court date is scheduled for July 16, 2008. Harris County Crime Victim Information Website.[2] Therefore, abstention under *Younger* is appropriate.

Moreover, petitioner's pending petition and the public records available to the Court make it plain that petitioner has not exhausted his state remedies through the state courts with respect to any of his claims. Although 28 U.S.C. § 2241(c)(3) contains no explicit requirement of exhaustion of remedies, the courts have engrafted such a requirement upon the statute. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden v. 30th*

---

[2] http://apps.jims.hctx.net/victiminfo/Submit.do

2

*Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  Therefore, petitioner's habeas action is also subject to dismissal for failure to exhaust state remedies.

## CONCLUSION

Based on the foregoing, the Court ORDERS petitioner's federal habeas petition DISMISSED without prejudice.  All pending motions, if any, are DENIED.

The Clerk shall provide the parties with a copy of this Order.

SIGNED at Houston, Texas, this 18th day of June, 2008.

*/s/ Melinda Harmon*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE